FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 FEB -5  AM 9: 32

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

JOSE BENITEZ,

                      **Petitioner,**

-vs-                                        **Case No.  A-14-CA-1120-SS**

WILLIAM STEPHENS,

                      **Respondent.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Jose Benitez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#9], and Petitioner's Objections [#13] thereto.[1]  Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Petitioner is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th

---

[1] Also before the Court is Petitioner's Motion for Extension of Time to File Objections [#12], which is DENIED AS MOOT.  Petitioner received a copy of the Report and Recommendation on January 2, 2015, *see* Certified Mail Acknowledgment [#11], and filed his Objections ten days later.  Petitioner's Objections were therefore timely.  *See* 28 U.S.C. § 636(b)(1) (requiring objections be filed "[w]ithin fourteen days after being served with a copy" of the report and recommendation).

Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.    Factual and Procedural History

Petitioner is presently incarcerated pursuant to a judgment and sentence rendered by the 299th Judicial District Court of Travis County, Texas. Following a jury trial, Petitioner was convicted of burglary of a habitation, and on March 16, 2010, was sentenced to forty (40) years in prison. His conviction was affirmed on December 1, 2010. *See Benitez v. State*, No. 03-10-00185-CR, 2010 WL 4909954 (Tex. App.—Austin Dec. 1, 2010, no pet.). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA).

Petitioner signed his state application for habeas corpus relief on May 21, 2014, and it was filed on June 3, 2014. The TCCA denied the application without written order on September 10, 2014. *See Ex parte Benitez*, Appl. No. 81,784-01. Petitioner signed the instant petition on November 26, 2014, and filed it in the Southern District of Texas, which file-stamped it on December 11, 2014. *See* Petition [#1] at 1. On December 18, 2014, the case was transferred to this Court by order of United States District Judge Keith P. Ellison. *See* Order to Transfer [#6].

### B.    Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief: (1) ineffective assistance of counsel; (2) legal and factual insufficiency of the evidence; and (3) denial of a competency hearing.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year

limitation period for federal inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d).

Specifically, § 2244(d)(1) provides:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files

a state application for habeas corpus relief. *Id.* at § 2244(d)(2).

Here, Petitioner's conviction became final, at the latest, on December 31, 2010, when his

time to file a petition for discretionary review with the TCCA expired. *See* TEX. R. APP. R. 68.2

(noting a petition for discretionary review is timely if filed "within 30 days after . . . the day the court

of appeals' judgment was rendered"). Petitioner therefore had until December 31, 2011 to file his

federal petition. As Petitioner did not even sign his federal application until November 26, 2014,

the petition is untimely filed. Petitioner's state application did not operate to toll the limitations period, as it too was filed well after expiration of the limitations period.

To the extent Petitioner argues he is entitled to equitable tolling of the limitations period, his argument is rejected. "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). In evaluating whether extraordinary circumstances exist such that equitable tolling should be permitted, courts "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998)). The Fifth Circuit has found no such circumstances even where petitioners faced non-routine logistical hurdles in making filings. *See, e.g., Fisher*, 174 F.3d 710, 714 (5th Cir. 1999) (no extraordinary circumstances where (1) AEDPA did not arrive in prison library until 43 days after its effective date and (2) petitioner spent 17 days confined in psychiatric evaluation unit).

No such "rare and exceptional circumstances" exist here. Petitioner complains he did not know the law and prisoners have limited access to law libraries. Objections [#13] at 5. These complaints are neither rare nor exceptional, and provide no grounds for equitable tolling in Petitioner's case. *See, e.g., Fisher*, 174 F.3d at 714 ("Congress knew AEDPA would affect incarcerated individuals with limited access to outside information[.]"). Consequently, the Court agrees with the Magistrate Judge's conclusion Petitioner is not entitled to habeas relief, and finds Petitioner's habeas action is time-barred.

**Conclusion**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Jose Benitez's Objections [#13] are OVERRULED;

IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time to File Objections [#12] is DENIED AS MOOT;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#9] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DISMISSED WITH PREJUDICE as time-barred; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _4th_ day of February 2015.


SAM SPARKS
UNITED STATES DISTRICT JUDGE